37   23
80  276

MARCUS MAURIN and another *vs.* JOHN FOGELBERG.

## May 13, 1887.

**Statute of Frauds—Promise to Pay Debt of Another.**—The defendant gave to plaintiff the following verbal direction, to wit: "You give all the goods to H. & R. [subcontractors under defendant in constructing a railroad] that they want, and charge directly to them, *and every first of the month you bring in the bill, and I will pay it.*" *Held,* that this, uncontrolled and unqualified by other circumstances, constituted an original, and not a collateral, promise, and implied that the credit was to be given exclusively to the defendant, although the goods were to be delivered to H. & R.; that the direction to charge the goods to H. & R. did not necessarily imply that any credit was to be given to them, the object, presumably, being merely to aid defendant in keeping his account with them.

Appeal by defendant from an order of the district court for Otter Tail county, *Collins, J.,* presiding, refusing a new trial.

*Rawson & Houpt,* for appellant, cited *Langdon* v. *Richardson,* 58 Iowa, 610, (12 N. W. Rep. 622.)

*M. R. Tyler,* for respondents.

MITCHELL, J. This is an action to recover for goods alleged to have been sold to defendant, and, at his instance, delivered to Harris & Rogers. Defendant was a contractor in the construction of the Northern Pacific railroad, and Harris & Rogers were subcontractors under him. Defendant gave to plaintiffs the following verbal direction: "You give all the goods to Harris & Rogers that they want, and charge directly to them, and every first of the month you bring in the bill, and I will pay it." In pursuance of this, plaintiffs delivered to Harris & Rogers the goods sued for. The principal question in the case is whether this was a special promise to pay the debt of another, within the meaning of the statute of frauds. In our opinion, this expression, uncontrolled and unqualified by circumstances, imports on its face an original, and not a collateral promise, and implies that the credit was to be given exclusively to the promisor as purchaser, although the goods are to be delivered to a third person. See *Cole* v. *Hutchinson,* 34 Minn. 410, (26 N. W. Rep. 319;) *Grant* v. *Wolf,* 34 Minn. 32, (24 N. W. Rep. 289.)

This would be clearly so, if the direction to charge the goods to Harris & Rogers had been omitted. But this direction does not necessarily imply that any credit was to be given to Harris & Rogers. The object of it might have been, and probably was, merely to enable defendant to keep his accounts with Harris & Rogers. For that purpose he would naturally desire the account for goods furnished them to show to whom the goods were furnished, and to be kept separate from any other account plaintiffs might have against him. There is no evidence in the case tending to show that plaintiffs ever attempted to collect this account from Harris & Rogers. Nothing of the kind can be spelled out of a mere incidental reference by Peter Maurin, in his testimony, to an "attachment on these parties." If this refers to a suit by plaintiffs against Harris & Rogers, it does not appear that it was on this claim. Hence the argument of defendant, predicated

upon that fact, that some credit must have been given to Harris & Rogers, has no foundation on which to rest. Therefore the defendant certainly had no reason to complain of the action of the court in submitting to the jury the question to whom the credit was given as one of fact, to be determined from the evidence. It was at least sufficiently favorable to him.

After the defendant had directed plaintiffs, as before stated, to give Harris & Rogers all the goods they wanted, plaintiffs said to him, "You will have to give an order to that effect," which defendant promised to do, but in fact never did. This was no part of the contract. It was merely a request by plaintiffs, for their own protection, that the order to deliver goods to Harris & Rogers be reduced to writing. Hence the court was correct in telling the jury that "it cut no figure in the case."

Order affirmed.