New York Store Mercantile Company, Appellant, v. Stephen M. Chapman, Respondent.

**St. Louis Court of Appeals, February 7, 1899.**

1. **Pleadings: PROOF.** In the case at bar, it was incumbent on plaintiff that it both aver and prove a sale of the ties and stave bolts, or a conversion by defendant; his contract as set out in first paragraph was not to pay generally and in any event, but to pay out of a special fund and as there was a failure of both averment and proof to authorize a recovery on the first paragraph of the petition, this was properly taken from the jury.

2. **Pleading: PRACTICE, TRIAL: JUDGMENT AFTER VERDICT.** In the case at bar, it is not directly averred in the second paragraph of the petition that sole credit was given to defendant for the goods, yet from the statement made therein the inference is reasonably deducible that they were sold and delivered on the sole credit of the defendant and is sufficient to support a judgment after verdict. Held, that the trial court erred in taking this issue from the jury.

*Appeal from the Butler Circuit Court.*—Hon. John G. Wear, Judge.

Reversed and remanded.

C. L. Keaton for appellant.

"It is neither uncommon nor unreasonable for a debtor to make provision by contract for the payment of his obligations; and if a purchaser of property, instead of paying the whole consideration, should assume to pay certain liabilities of his vendor, and be able to escape his obligation and retain the property, the statute would be one of frauds in a new sense. No such construction has ever been given it, and the courts of New York go so far as to hold that, though not a party to this independent agreement, the creditor may avail

himself of it and sue in his own name." Brown v. Brown, 47 Mo. 130 (loc. cit. 131, 132); Price v. Reed, 38 Mo. App. 489 (498-500); Dobyns v. Rice, 22 Mo. App. 448 (454, 455 and cases); Keithley v. Pitman, 40 Mo. App. 596 (601-603); Hale v. Stewart, 76 Mo. 20 (22, 23). By agreement and contract of the parties, Foster, the defendant, and the plaintiff, the plaintiff's demand for the goods sold was added to those demands mentioned in the bill of sale of the ties, etc., dated May 7, 1894, by the parol agreement after the writing was made and delivered, but before the final delivery of the property. The consideration to defendant for his promise. Bunce v. Beck, 43 Mo. 266 (280, 281); King v. Greaves & Ruff, 51 Mo. App. 534. "It is well established law in this state, by a line of decisions extending from the year 1847 to the present date, 'that a person for whose benefit an express promise is made in a valid contract between others may maintain an action upon it in his own name.'" Howsman v. Trenton Water Co., 119 Mo. 304 (307). But if not a party to the original contract, still plaintiff could maintain this action, "that when property is placed in the hands of another person who agrees to deliver the property or the proceeds arising from the sale thereof to a third person, such third person has a cause of action against the person in whose hands the property was placed." State v. Railway, 125 Mo. 596 (615). As this court says in case of Houck v. Frisby, 66 Mo. App. 16 (21): "To uphold a contract it is not necessary that the promisor should receive a consideration, but it is sufficient if the promisee or other beneficiary sustain the least injury or detriment, or part with anything of least value on the faith of the contract." * * * There is no valid objection to the petition to warrant the action of the court in sustaining its rulings. The defendant demurred and his demurrer was overruled, and he answered and plaintiff filed amended replication; all of which aided the petition and clearly presented the issues involved.

He abandoned his objections to the petition and waived same, and the answer and replication aided the petition. Allen v. Chouteau, 102 Mo. 309 (318); Spillane v. Railway, 111 Mo. 555 (562); Bliss on Code Pleading, sec. 437; R. S. 1889, sec. 2047.

LOUIS F. DINNING and H. W. HAMEL for respondent.

After the alleged contract with Chapman, plaintiff took from Foster two notes representing the identical debt here sued for, and a deed of trust upon Foster's property to secure the payment thereof, and these notes and deed of trust were taken "as a payment from Mr. Chapman and Mr. Foster." From this transaction it is clear that credit was not given to Chapman. Rottman v. Fix, 25 Mo. App. 571; Rottman v. Pohlmann, 28 Mo. App. 399. The testimony of witness Keaton establishes the fact that the alleged agreement of defendant to pay for these goods was that the payment was to be made out of the proceeds of the sale of the ties, stave-bolts, etc., covered by the bill of sale, a copy of which will be found on page 36 of appellant's abstract of the record. This case is bottomed upon the letter of defendant to Foster, dated August 7, 1894, a copy of which will be found on page 20 of appellant's abstract of the record. This letter does not promise to pay the debt in question, nor is it an admission of a verbal contract made by Chapman to plaintiff, authorizing the sale of the goods in question to Foster. There is no consideration, whatever, for such a promise, if one had been made, and an agreement to pay the debt of another, to be valid, must be in writing, for a valuable consideration and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized. Rottman v. Fix, 25 Mo. App. 571; Rottmann v. Pohlmann, 28 Mo. App. 399; Tucker v. Bartle, 85 Mo. 114; Wendover v. Baker, 121 Mo. 294 loc.

cit. Statute of Frauds need not be pleaded. Springer v. Kleinsorge, 83 Mo. 152; Hackett v. Watts, 138 Mo. 511, loc cit. * * * If defendant agreed to pay plaintiff out of a special fund, he is not bound to pay plaintiff out of any other fund, nor does such an agreement make him a general or common debtor of the plaintiff. McGhee v. Larramore, 50 Mo. 425; Crowell v. Plant, 53 Mo. 145; Pettis County v. Kingsbury, 17 Mo. 479; Edwards on Bills and Notes [2 Ed.], pp. 399 and 400.

BLAND, P. J.—The petition alleges that defendant is indebted to it (a corporation) in the sum of $239.80 for goods, wares and merchandise sold and delivered by it to one J. M. Foster, and in one and the same count seeks to charge defendant for the goods on two theories. First, that Foster had theretofore transferred and delivered to defendant certain real estate and personal property in consideration that defendant should from the proceeds of the sale of said property, pay certain claims against Foster which he had as an attorney-at-law for collection and for further advances to be made and paid on other claims due from Foster, and that the goods sold by plaintiff to Foster were sold and delivered on the promise and agreement of defendant that he would pay for the same in ninety days or sooner, if he could sell certain of the personal property transferred to him by Foster, to wit, railroad cross ties and stave bolts, and second, that the goods were sold and delivered to Foster upon the express promise of defendant that he would pay for same in ninety days. The petition nowhere alleges that defendant had sold or realized any money on any of the real or personal property transferred to him by Foster for the payment of Foster's debts, nor is it directly alleged anywhere in the petition that the goods were sold and delivered to Foster solely on the defendant's credit, or that the credit was actually given to him. Defendant objected to the introduction of any

evidence, on the ground that the petition failed to state any cause of action; this objection was overruled. The plaintiff's evidence was heard, at the close of which the court at the request of defendant gave a peremptory instruction to find the issues for the defendant, whereupon plaintiff took a nonsuit with leave. Its motion to set aside the nonsuit was overruled, and the appeal was taken.

For convenience we will designate these causes of action as first and second paragraphs. There was some evidence tending to prove some of the allegations in the first paragraph, but there was no evidence, nor was there any allegation, directly averring or by inference deducible from anything that was alleged, that the defendant had realized anything by sale or otherwise on the ties and stave bolts, or that he had converted them. Proceeding, as does this paragraph, on the theory that the agreement was to pay out of the proceeds of the sale of the ties and stave bolts, it was incumbent on plaintiff that it both aver and prove a sale of the ties and stave bolts, or a conversion by defendant; his contract as set out in this paragraph was not to pay generally and in any event, but to pay out of a special fund, and it was to this fund only and solely the plaintiff could look to defendant for payment. McGee v. Larramore, 50 Mo. 425; Crowell v. Plant, 53 Mo. 145; Pettis County v. Kingsbury, 17 Mo. 479; Campbell v. Polk County, 49 Mo. 214. There was therefore a failure of both averment and proof to authorize a recovery on the first paragraph of the petition, and this was properly taken from the jury.

In support of the second paragraph the evidence tends to prove that plaintiff's salesman first went to Foster and took his order for the goods, but that he would not let Foster have the goods without the cash or the guarantee of some solvent person for their payment; that Foster then informed the salesman of the arrangement he had made with defendant to take his ties, etc., and pay certain debts and

make further advances, and requested him to see defendant, that the salesman went to defendant, and that defendant told him to let Foster have not to exceed $250 worth of goods, and that he would pay for them in thirty or sixty days, if he could sell the ties and stave bolts, but would in any event pay for them in ninety days; that the salesman then sent the order for the goods to his house, indorsed "guaranteed by S. M. Chapman," and that the goods were thereupon shipped to Foster. It was also in evidence that plaintiff had refused before this to sell Foster goods except for cash. This evidence tended to prove an original promise on the part of Chapman to pay for the goods, and that plaintiff parted with its goods on the faith of this promise, and that the credit was given solely to Chapman. If this be so, then the contract was not within the statute of frauds, and Chapman is bound as an original promisor. Kansas City Sewer Pipe Company v. Smith, 36 Mo. App. 608; Penninger v. Reilley, 44 Mo. App. 255; Gill v. Reed, 55 Mo. App. 246. But it is not directly averred in the second paragraph of the petition that sole credit was given the defendant for the goods, yet from the statement made therein that the "goods were sold and delivered to Foster by plaintiff upon the express promise and agreement of the defendant to pay plaintiff for them," the inference is reasonably deducible that they were sold and delivered on the sole credit of defendant, and we hold that the allegations contained in the second paragraph and such others as are reasonably deducible from the language employed, is sufficient to support a judgment after verdict, and as there was substantial evidence in support of this paragraph, it was error to take it from the jury. Roberts v. Walker, 82 Mo. 200; Lycett v. Wolff, 45 Mo. App. 489; Young v. Shickle Iron Co., 103 Mo. 324. The judgment is reversed and the cause remanded. All concur.