# NEW YORK STORE MERCANTILE COMPANY, Plaintiff in Error, v. S. M. CHAPMAN, Defendant in Error.

### St. Louis Court of Appeals, May 7, 1901.

1. **Practice, Trial:** PRACTICE, APPELLATE. In the case at bar, the rights of the parties under the petition and proof were clearly and fully announced on a former appeal of this case (Mercantile Co. v. Chapman, 78 Mo. App. 616).

2. ————: JURORS CAN NOT IMPEACH VERDICT. Jurors can not impeach their verdict by affidavits stating that their verdict was the result of misapprehension.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

No briefs furnished reporter.

### STATEMENT OF THE CASE.

This is the second appeal in this case. Mercantile Co. v. Chapman, 78 Mo. App. 616. When it was here before, the question presented was the propriety of the ruling of the trial court constraining the plaintiff to take a nonsuit. Upon the evidence adduced in support of the causes of action set forth in its petition, it was then held that the petition sought a recovery upon two theories: first, the assumption of a trust by defendant to pay the amount of plaintiff's claim from the proceeds of the sale of certain ties and stave-bolts, which had been trans-

ferred to him by one J. M. Foster; secondly, that the goods whose price was sought to be recovered, were delivered to said Foster upon the express promise of defendant that he would pay for the same. It was then decided that neither the averment nor the proof thereunder, would sustain a recovery upon the first theory set forth in the petition; but it was also held that the second cause of action alleged in the petition was sufficient to support a judgment after verdict, and since there was substantial evidence in support of this ground of recovery, it was error on the part of the lower court to take it from the jury, for which reason the judgment was reversed and the cause remanded.

Upon a second trial there has been no amendment of the pleadings, nor any substantial change in the evidence adduced. The court confined its instructions to the second ground of recovery stated in plaintiff's petition, and the jury returned a verdict in favor of defendant, from which plaintiff has appealed.

BOND, J.—The law applicable to the rights of the parties under the petition and proof in this case, was clearly and fully announced on the former appeal. Mercantile Co. v. Chapman, 78 Mo. App. 616. The case has been tried in conformity with the views of the court then expressed. We can not, therefore, sustain the contention of the learned counsel for appellant that the trial court erred in refusing instructions offered on its behalf which were inapplicable to the issue held to be tendered by the petition when it was passed upon by this court on the first appeal. Nor can we sustain the point, attempted to be supported by the affidavits of certain of the jurors, that the verdict was the result of a misapprehension on the part of the triers of the fact. It is a familiar rule of law that jurors can not impeach their verdict in this manner.

The result is, the judgment is affirmed. All concur.