W. A. GILL, Respondent, v. CHARLES S. REED, Appellant.

St. Louis Court of Appeals, November 21, 1893.

Statute of Frauds: PROMISE TO PAY FOR GOODS SOLD TO ANOTHER PERSON: INSTRUCTIONS. To show that a promise to pay for goods sold and delivered to a third party was original and not within the statute of frauds, it is essential, if the purchase was not a joint one, that the credit for the goods should have been given solely to the promisor. And, *held*, that an instruction which submitted such an issue in this cause was not sufficiently definite and clear.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED AND REMANDED.

*Henry B. Davis* for appellant.

*Dodge & Mulvihill* for respondent.

BOND, J.—This is an action upon an account for $490 for the sale of jewelry. The defendant's answer was a general denial and a plea of the statute of frauds. There was conflict in the evidence as to the transaction out of which the account arose. The plaintiff stated that the defendant and one Orth came to his place of business October 31, 1892, and that said Orth picked

out two pairs of diamond earrings, one diamond bracelet and one emerald ring (articles set out in the account sued on) to take home to show to his wife; that the plaintiff thereupon took the defendant in his back room and said to him that, if he wanted to take the goods, it was all right, but that Orth could not take them, and that defendant replied several times: "Ain't I good enough for them," to which plaintiff answered: "Certainly, you can have two or three times that amount, and you know it;" that the goods, after being cleaned, were sent by the plaintiff's store boy to Mr. Orth's number, which the defendant gave. The plaintiff admitted that he was to allow one-half ($45) of the profit of this sale to the defendant.

The defendant denied all of the foregoing statements as to the delivery or sale of the goods upon his credit, and stated that he had no other connection with the matter than to introduce the buyer, Mr. Orth, to the plaintiff in pursuance of an agreement with the plaintiff, whereby the defendant was to receive one-half of the profits on all sales to persons brought by him to the plaintiff's store. The defendant's statements were corroborated substantially by the only other witness and by the attendant circumstances. There was evidence of an entry on plaintiff's books in the handwriting of one of his clerks, headed as follows: "Mr. Charles Reed, per Joseph Orth, No. 417, N. 4th street, Oct. 31st," then giving the articles and price of each. There was also evidence that the plaintiff's partner subsequently furnished the defendant the following statement from the plaintiff's books:

"St. Louis, Nov. 12, 1892.

"*Mr. Joseph Orth,*

"No. 417 N. 4th street.

"Bought of W. A. Gill, watches, diamonds, jewelry, etc., 616 Olive street," then mentioning the articles and prices sued for.

The testimony disclosed that Orth absconded, and, the bill being unpaid, plaintiff sued the defendant therefor. Upon the trial the jury returned a verdict for the plaintiff.

The only errors complained of on this appeal by the defendant are; *first*, that the judgment for plaintiff is unsustained by the evidence; *second*, that the court erred in the instruction given for plaintiff.

The instruction complained of is as follows, to-wit:

"The court instructs the jury that, if they believe from the evidence that the goods, wares and merchandise mentioned in evidence were sold *or delivered* to Mr. Orth upon the request of the defendant, and on his (defendant's) account, on or about the thirty-first day of October, 1892, and that the said goods, wares and merchandise, were charged to the defendant; and that the plaintiff looked to the defendant for the payment for same; if you find such to be the fact from the evidence, then the jury will find for the plaintiff for $445, with interest at the rate of six per cent. from the second day of November, 1892."

In order to show that a promise to pay for goods sold and delivered to another is original and not within the statute of frauds, it is essential that the promisor should have been a joint purchaser of the goods, or that the credit for their sale should have been given solely to him. One or the other of these elements is indispensable to an original promise. *Rottman v. Fix*, 25 Mo. App. 571. It is also elementary that a delivery does not *per se* import a sale. In the above instruction the jury were told that, if the goods "were sold *or* delivered" to Mr. Orth upon credit given the defendant, they might find against him. This was a fatal error under the evidence. The weight of the evidence tended to show that the articles sued for were merely delivered to Orth to be taken home and shown to his

wife, who was expected to make a selection from them for future purchase; that at the time of this delivery the defendant, when questioned about it, said: "Ain't I good enough," and that, about ten days thereafter, when told that a bill had been rendered Mr. Orth for the goods, the defendant then said: "I will pay you on the fifteenth for those goods." It is evident that this view of the evidence would not support an action for the *sale* of the goods to defendant upon his *sole* credit or as a joint purchaser, and yet by the use of the disjunctive "or" instead of the copulative "and" in the above instruction the jury might have been misled into a finding against defendant on insufficient evidence. It is, in fact, questionable whether the evidence adduced had any tendency to show a consummated sale to any one.

The instruction is also objectionable in not setting forth with sufficient clearness that the credit must have been extended solely to the defendant upon the hypothesis of a sale to him alone, and not as joint purchaser.

For these reasons the judgment herein is reversed and the cause remanded. All the judges concur.