W. H. CHICK, Respondent, v. FREY COAL COMPANY, Appellant.

**Kansas City Court of Appeals, January 16, 1899.**

Sales: STATUTE OF FRAUDS: ORIGINAL UNDERTAKING: CREDIT.   Where a defendant's promise to pay is an original undertaking in which he makes the debt his own and not that of another, the statute of frauds does not apply; but in such case the credit must have been given solely to the defendant and not partly to him and partly to another person unless their interests were joint in the transaction; and instructions in this case sufficiently declare the law.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

HARKLESS, O'GRADY & CRYSLER for appellant.

The evidence shows in this case conclusively that the plaintiff always regarded the Frey Coal Company as liable; sold the coal to them; charged it on their books to them; presented their bills to them, and their own witness, Dusky, testifies that they expected to hold both Williams and the Frey Coal Company, or both Williams and Frey, and expected if Frey did not pay it, or the Frey Coal Company did not pay it, to hold Williams also.   Under this state of facts Williams can not be liable at all under the statute of fraud, for the reason that if anybody else was looked to in the slightest degree, or anyone else charged as debtor, even jointly with him, or partially with him, he is not liable at all.   Gill v. Reed, 55 Mo. App. 246.

PORTERFIELD & PENCE for respondent.

(1) The jury were fully justified in finding that Williams had assumed the obligation as his individual matter. (2) The evidence is that plaintiff, under the direction of defendant Williams, charged the coal on his books to Mark Williams under the heading, "Frey Coal Company, per Mark Williams." (3) The issues made by the pleadings warranted the finding and judgment against defendant Williams. Lowe v. Electric Springs Co., 47 Mo. App. 426. (4) It was for the jury to find whether or not defendant Williams originally promised to pay this coal account. The case was submitted to the jury on instructions more than fair to defendant Williams, and they found their verdict against him. Sewer Pipe Co. v. Smith, 36 Mo. App. 608; Osborn v. Emery, 51 Mo. App. 408.

ELLISON, J.—This action is on an account for coal alleged to have been sold to defendants as partners. On trial the case was dismissed as to Frey and a judgment was had against Williams.

It appears that Williams was connected with the Frey Coal Company as bookkeeper. There was some evidence tending to show that he had some interest in the business besides a salary, but be that as it may, there was abundant evidence, the tendency of which was to show that plaintiff did not regard the Frey Company as solvent and that he did so regard defendant Williams, and that before making a sale of the coal he had an understanding with Williams that he, Williams, was to pay for all the coal which was ordered, "Frey Coal Co., per Mark Williams." That with this understanding plaintiff furnished the coal on such orders and charged it on his books in the words of the signature to the orders. If plaintiff's theory of the facts was believed by the jury, the statute of frauds does not apply, since Williams' promise was an original undertaking in which he made the debt his

own and not that of another. There being evidence, as before stated, to show that the original credit was extended to Williams, we have only to ascertain if the instructions properly covered the case presented. The rule is that the credit must have been given solely to Williams and not partly to him and partly to Frey, unless they had a joint interest in the purchase. Rottman v. Fix, 25 Mo. App. 571; Gill v. Reed, 55 Mo. App. 246; Pipe Co. v. Smith, 36 Mo. App. 608; Osborn v. Emery, 51 Mo. App. 408.

The instruction for plaintiff was to the effect that the jury should find for him if they believed that before the coal was sold Williams agreed to pay for it and that plaintiff sold on the faith of such agreement. On the part of defendant the court instructed that the sale must have been upon the credit of Williams as an individual. Defendant did not ask an instruction in terms stating that the credit must have been extended to Williams alone, though the one just mentioned is a close approach to such direction.

Several of defendants' instructions were refused, some of which might have been allowed had the case not been sufficiently covered by those given. Others stated mere generalities, not proper at least as applied to the evidence in the case.

We have not discovered error in the admission of evidence. It was shown that Frey was not financially responsible and that Williams was. This was brought out as a reason why plaintiff would not furnish the coal unless Williams would agree to pay for it.

It seems to us that no ground has been stated by defendants which would justify us in disturbing the judgment and it is consequently affirmed. All concur.