## A. VAN METER, Appellant, v. A. C. POOLE, Respondent.

**Kansas City Court of Appeals, July 2, 1906.**

1. **PLEADING: Petition: Contract for Third Party: Mortgagor's Vendee.** A contract between two parties may be enforced by a third party when entered into for his benefit, although he be not named in such contract; so where a mortgagor sells his land and the vendee retains from the purchase price the amount of the mortgage debt for the purpose of paying the same, the surety of the mortgagor who is compelled to pay the debt may recover same of the mortgagor's vendee.

2. ———: ———: ———: **Limitation: Presumption.** Where a contract is declared on without stating whether it is in writing or not, the same is presumed to be in writing and the ten-year Statute of Limitations and not the five-year applies on demurrer.

Appeal from Barton Circuit Court.—*Hon. Levin W. Shafer*, Judge.

REVERSED AND REMANDED.

*Cole, Burnett & Moore* for appellant.

(1) Where a contract of sale of real estate is fully executed, as it was when Grigsby conveyed to defendant Poole, in August, 1896, then the agreement of Poole to pay an existing debt against the land, the school fund mortgage in this instance, in payment of the purchase money, is not an agreement to pay the debt of another, it is a part of the original undertaking, and constitutes a part or all of the consideration of the original purchase. And when Poole assumed payment of the mortgage debt as part of the purchase price to Grigsby, she became the principal debtor. Nelson v. Brown, 140 Mo. 580; Fitzgeral v. Barker, 85 Mo. 13; Keifer v. Shackett, 85 Mo. App. 449, 452; Laumeier v. Hallock, 103 Mo. App. 116; Regan v. Williams, 88 Mo. App. 577. (2) The cause of action in favor of the plaintiff against the defendant did not accrue more than five years before the suit was commenced, and is not barred by the Statute of Limitations. When Grigsby conveyed the real estate, incumbered, by the school fund mortgage, to respondent (defendant), and respondent assumed and agreed to pay the school fund bond as a part of the consideration therefor, she then became as between herself and the makers of the school fund bond principal and they became sureties. Laumeier v. Hallock, 103 Mo. App. 116; Regan v. Williams, 88 Mo. App. 577; Nelson v. Brown, 140 Mo. 580; Society v. Haines, 47 Ohio St. 423, 25 N. E. 119. (3) And a surety can only recover what he has paid to extinguish the debt, and until the surety pays the debt for which he is security, his demand has no existence. When the payment is made,

then the liability for the first time becomes fixed in such a manner as to make the principal a debtor. Hearne v. Keath, 63 Mo. 84, 89; Wood on Limitation of Actions, sec. 145, p. 320. (4) The Statute of Limitations begins to run against a surety, who pays the debt of his principal, from the time of such payment. Bushong v. Taylor, 82 Mo. 660; Huse v. Ames, 104 Mo. 91; Burton v. Rutherford, 49 Mo. 255; Regan v. Williams, 185 Mo. 620, 627. (5) The Statute of Limitations does not begin to run against one whose note has been assumed by another, and in favor of the latter, until damage has resulted from its non-payment. Building & Loan Assn. v. Newman (Texas Civ. App.), 25 S. W. 461. (6) The ten-year and not the five-year Statute of Limitations applies in this case. This case comes within the last clause of the section of our statute providing for limitation of ten years: "Third, actions for relief not herein otherwise provided for." R. S. 1899, sec. 4272; Smith v. Davis, 90 Mo. App. 533.

*Thurman, Wray & Timmonds* for respondent.

(1) The alleged contract was one to pay a debt, not an indemnity, and could have been sued on by Grigsby after the maturity of the debt, and the measure of the damages would have been the amount of the debt. Ham v. Hill, 29 Mo. 275; Rowsey v. Lynch, 61 Mo. 560; Fontaine v. Lumber Co., 109 Mo. 60. (2) The transfer of the property and the agreement to pay the mortgage debt did not in any way change the relations of the mortgagor or vendor to the mortgagee, Barton county; the mortgagee could have treated both the mortgagor and his grantee as principals and sue either or both. Ins. Co. v. Mayer, 8 Mo. App. 18. (3) Van Meter cannot sue on this alleged contract because he was not a party to it. It was not assigned to him. He has not been subrogated to the rights of the mortgagee. It was not made for his benefit. Kansas City ex rel. v. O'Con-

nell, 99 Mo. 357; Vrooman v. Turner, 69 N. Y. 280. (4) The petition does not allege that the agreement of assumption by Mrs. Poole was incorporated in the deed, or that it was in writing, and a fair inference is, that if such an agreement ever did exist, it was verbal, and an action on the same is barred after five years. R. S. 1899, sec. 4273. (5) The contract of assumption was made August 13, 1896. The mortgage debt was due November 6, 1896. The cause of action, if any, in favor of Van Meter arose November 6, 1896, and the petition was not filed until March 26, 1904, an disbarred by the Statute of Limitations, for the agreement was broken as soon as the debt became due. Fontaine v. Lumber Co., 109 Mo. 60; Bank v. Leyser, 116 Mo. 75. (6) No designated time to pay the debt is alleged, and in the absence of a designated time at which payment should be made, the law will imply an obligation to pay when the payment could be lawfully demanded. Bank v. Leyser, 116 Mo. 75. (7) In no event can Van Meter have a greater right against Mrs. Poole on this contract than Grigsby or the county, for whose benefit the contract was made, and she could avail herself of the Statute of Limitations if sued by either Grigsby or Barton county, and can, as a necessary consequence, avail herself of the Statute of Limitations when sued by Van Meter. Bank v. Klock, 58 Mo. App. 335; Thompson v. School District, 71 Mo. 495.

BROADDUS, P. J.—The plaintiff appeals from the action of the court sustaining a demurrer to his petition because it did not state a cause of action. The petition omitting the caption is as follows:

"Plaintiff for cause of action herein states on the 6th day of November, 1895, and long prior thereto, one George W. Grigsby was the owner of the legal title to the following described real estate situated in Barton county, Missouri, to-wit: Thirty-three and one-third (33 1-3) feet off the south side of lot three (3), and

thirty-three and one-third (33 1-3) feet off the north side of lot four (4), all in block eighteen (18), Parry's Addition to Lamar, Missouri, also lot two (2), block two (2), Wills' Third Addition to Lamar."

That on or about the 6th day of November, 1895, said Grigsby, being the owner of the real estate aforesaid, procured a loan of six hundred and twenty-five dollars of school money from the county court of Barton county, Missouri, and for the purpose of securing the payment of the money so loaned, with lawful interest thereon, said Grigsby executed his certain bond for the sum of $625, dated November 6, 1895, due and payable November 6, 1896, and bearing interest at the rate of 8 per cent per annum from date. That at said Grigsby's request and in consideration of said money being loaned to said Grigsby, plaintiff signed said bond as one of the sureties and thereby became liable for the payment of the debt and interest in said bond expressed. That at the date of the execution of the above-described bond, the said Grigsby also executed a school fund mortgage whereby the real estate hereinbefore described was intended to be conveyed by said Grigsby to further secure the payment of the debt and interest evidenced by said bond; said mortgage being the same as appears of record in the recorder's office in and for Barton county, Missouri, in Book 74, at page 350.

That afterwards, to-wit, about the 13th day of August, 1896, the said George W. Grigsby, for the agreed consideration of $1,000, conveyed by a good and sufficient deed the above-described real estate to the defendant, A. C. Poole. That at the time of such conveyance, the defendant, A. C. Poole, deducted the amount due on the above described school fund bond and mortgage from the agreed consideration of $1,000, and of the consideration of said conveyance to defendant the amount of said mortgage debt was not paid to said Grigsby, but defendant then and there in consideration of said conveyance assumed and agreed to pay and discharge

the said school fund debt. That after procuring said conveyance, the defendant, A. C. Poole, discovered that said school fund mortgage, by mistake made in the writing of the description of said real estate, did not convey, as was intended by said mortgage to be conveyed, all of said real estate as described aforesaid, and thereafter the defendant, A. C. Poole, failed, neglected and refused to pay any part of the principal or interest on said school loan, but retained possession of said property; occupied the same and enjoined the rents and profits thereof. That afterwards by the judgment of the circuit court of Barton county in an action wherein the said Grigsby, A. Van Meter (this plaintiff here) and other sureties on said bond were plaintiffs and said A. C. Poole (the defendant here) and Barton county were defendants, said circuit court having full jurisdiction in the premises, said school fund mortgage was reformed, so as to conform to the intention of the parties thereto at the time of its execution, to-wit, so as to describe as conveyed therein and thereby all of the above-described real estate.

That the said George W. Grigsby also failed to pay said school fund debt and has long been insolvent and a non-resident of the State of Missouri. Plaintiff further states that the county of Barton, by reason of the default in paying the principal and interest on said school loan duly foreclosed under the provisions of said school fund mortgage, and sold all the above-named real estate. That after applying the proceeds of such sale toward the discharge of said debt, there remained justly due and unpaid to Barton county for the use of the school fund, the sum of $625 which said sum this plaintiff was, as surety as aforesaid, on the 6th day of October, 1902, compelled to pay. That the whole amount paid by this plaintiff as such surety since defendant purchased said property is the sum of $897.45. That by reason of the premises plaintiff became and is entitled to have and recover from the defendant the sum of

$897.45, the amount paid out by plaintiff as surety on said bond, as aforesaid, together with interest thereon at the rate of eight per cent from October 6, 1902. For all which plaintiff here prays judgment."

The grounds set out in the demurrer are:

First, that the petition does not state facts sufficient to sustain a cause of action.

Second, that if any cause of action ever existed in favor of plaintiff against the defendant, it accrued more than five years ago, and is now barred by the Statute of Limitations, as appears upon the face of the petition. The petition was filed March 26, 1904.

The demurrer should have been overruled. It is, we think, a well-established principle in this State that, a contract between two parties may be enforced by a third party, when entered into for his benefit, although he be not named in such contract. [City of St. Louis to use v. Von Phul, 133 Mo. 561; Rogers v. Gosnell, 58 Mo. 589; State ex rel. City of St. Louis v. Laclede Gaslight Co., 102 Mo. 472; Ellis v. Harrison, 104 Mo. 270; Summers v. Wabash Railroad, 114 Mo. App. 452; Devers v. Howard, 144 Mo. 671.] The contract set out in the petition was that defendant agreed to assume and pay the debt of plaintiff's principal for whom he was the security; therefore the agreement was to pay the plaintiff's debt and as such it was for his benefit.

The defendant in her argument assumes that the contract set out in the petition was not in writing and that such being the case the plaintiff's cause of action is barred by the five-year Statute of Limitations. But this assumption is contrary to law. Where it is not stated in the petition that the contract was oral, but is declared on without stating whether it is in writing or not, the same is presumed to be in writing. [Sharkey v. McDermott, 91 Mo. 647.] It follows, therefore, the contract is presumed to be in writing, the ten-year Statute of Limitation would apply and plaintiff's action not being barred under the statute, the contention of de-

Barnes v. Railroad.

fendant in that respect is overruled. Cause reversed and remanded with directions to overrule the demurrer. All concur.