JOHNSON R. LUNT and COLE R. VAN GORDON, Respondents, v. J. E. BIEHL, Appellants.

Kansas City Court of Appeals, November 6, 1911.

1. STATUTE OF FRAUDS: Full Performance by One of the Parties. In September, 1909, H. W. Lunt made a verbal lease of a farm to defendant for a term beginning March 1, 1910, and ending March 1, 1911, and defendant occupied the farm during that term. January 11, 1910, H. W. Lunt sold the farm to the plaintiffs. Plaintiffs were entitled to recover from defendant the agreed rental.

2. ———: ———: Pleading: Presumption. Where the law requires a contract to be in writing, and a petition is filed declaring on

such a contract without stating whether or not it is in writing, it is presumed the pleader is counting on a written contract, but this is not a conclusive presumption; and where the contract has been fully performed on one side it may be enforced against the other party.

3. **LANDLORD AND TENANT: Title to Rent.** Where a leased farm is sold before the beginning of the tenant's term, and there is no reservation in the deed of conveyance of rent to accrue in the future, the new owner is entitled to the rent.

Appeal from Schuyler Circuit Court.—*Hon. Nat M. Shelton*, Judge.

AFFIRMED.

*Ralston & Ralston* and *Fogle & Fogle* for appellant.

(1) The contract alleged is within the purview of that portion of the Statute of Frauds requiring contracts not to be performed within one year from the making thereof to be in writing. Sharp v. Rhiel, 55 Mo. 97; Briar v. Robertson, 19 Mo. App. 66; Beiler v. Devoll, 40 Mo. App. 251, 254; Cook v. Redman, 45 Mo. App. 397, 401; Miller v. Banking Co., 53 Mo. App. 430; Butts v. Fox, 96 Mo. App. 437; Biest v. Shoe Co., 97 Mo. App. 137; Ray v. Blackman, 120 Mo. App. 497. (2) Where the petition does not state whether the contract alleged is oral or in writing, the contract will be presumed to be in writing if the same is required by law to be in writing. Sharkey v. McDermott, 91 Mo. App. 647; Van Meter v. Poole, 119 Mo. App. 296; Railroad v. Wingerter, 124 Mo. App. 426; Stillwell v. Hamm, 97 Mo. 579, 586.

*Higbee & Mills* and *W. M. Saxbury* for respondent.

When a contract that is within the Statute of Frauds has been fully executed by one of the parties thereto, when it has been fully performed on one

side and the other party has had the benefit of such performance, it is therefore removed from the operation of the statute entirely and recovery may be had on the contract in an action at law. Railroad v. Wingerter, 125 Mo. App. 426; Blanton v. Knox, 3 Mo. 342; Farrar v. Patton, 20 Mo. 81; Suggett's Admr. v. Cason's Admr., 26 Mo. 221; Self v. Cordell, 45 Mo. 345; Tatum v. Brooker, 51 Mo. 148; Winters v. Cherry, 78 Mo. 344; Johnson v. Reading, 36 Mo. App. 307; Nally v. Reading, 107 Mo. 350; Mark v. Davis, 72 Mo. App. 557; Smock v. Smock, 37 Mo. App. 56; Bless v. Jenkins, 129 Mo. 657; Chenoweth v. Express Co., 93 Mo. App. 185; Nelson v. Brown, 140 Mo. 580.

BROADDUS, P. J.—This is a suit to recover rent. The facts alleged in the petition are, that, in December, 1909, one H. W. Lunt was the owner of a certain farm, describing it, situate in Schuyler county, which at said date he leased to defendant for one year commencing March 1, 1909, and expiring March 1, 1911, at and for the sum of five hundred dollars to be paid January 1, 1911; that defendant went into possession of the farm and occupied it during said time; that on the 3d day of January, 1910, the said Lunt sold and conveyed the said premises to plaintiffs and at the same time assigned to the plaintiffs the said rent to be paid by the defendant to the said Lunt; that plaintiffs have demanded from defendant said rent which he refuses to pay.

The plaintiffs to make out their case introduced a written lease dated the 20th day of December, 1907, from said Lunt to defendant for a term of one year beginning March 10, 1908, and expiring March 10, 1909. The plaintiffs followed this up by showing that the defendant held over and occupied the farm from the 10th day of March, 1909, to the 10th day of March, 1910; that some time during the month of September, 1909, there was a verbal understanding

between Lunt and defendant that he was to occupy the farm for another year provided Lunt did not sell it by the 1st of the coming March and provided defendant did not buy the farm. Lunt said: "If you go on and plow the sod up, if the farm is sold by the 1st of March, I will pay you so much an acre for plowing the land." There was no price fixed for the work and defendant consented. Defendant plowed the land and continued in possession and farmed it from the first of March, 1910, to the 1st of March, 1911. There was no change in the amount of rent to be paid. On the 11th day of January, 1910, Lunt transferred the land to the plaintiffs. The defendant refused to pay the rent on demand of plaintiffs. When plaintiff offered in evidence the written lease mentioned, the defendant objected to it "for the reason that it is incompetent and immaterial and tends to prove no issue in this case, is not the contract sued on," and further objected to the introduction of any other evidence in the case for the reason the petition did not state a cause of action. The objections were overruled. The plaintiff recovered and defendant appealed.

The defendant contends that as the petition declared on a contract without stating whether it was in writing or not in writing the law presumed it to be in writing, therefore, it was error to admit proof of an oral contract; and that as the contract proved was not to be performed within one year it was void. It is true that where a petition declares on a contract without stating whether it is in writing or not it is presumed to be in writing. [Sharkey v. McDermott, 91 Mo. 647; Van Meter v. Poole, 119 Mo. App. 296.] While such is the rule of construction we do not consider that it is a conclusive presumption, but one that may be rebutted by evidence. It is in fact one of those presumptions which may be classed as *prima facie* only. Notwithstanding the one on which plain-

Lunt v. Biehl.

tiffs recovered was verbal and not to be performed within one year and was within the letter of the statute, yet, it having been fully performed by one of the contracting parties or his assignee, the statute of frauds is no defense in the action. [Self v. Cordell, 45 Mo. 345.] The law is stated in Bless v. Jenkins, 129 Mo. l. c. 657: "But if the defendants by the state of their pleadings were in a condition to use the statute as a shield, they would be precluded from so doing because the evidence shows that the contract was completely performed on the part of the plaintiffs by defendants being placed by the former in possession of the premises and remaining so long as they would. Under such circumstances as these, though the contract be not in writing, the statute will be invoked in vain; the complete performance of the contract by one contracting party forecloses his adversary from interposing the statute of frauds as a defense."

The further contention that there is no evidence in the record of an assignment of the rent to plaintiffs, is without merit. There need not have been, as the plaintiffs, the grantees of Lunt, were the owners of the premises at and prior to the time the lease began to run and there being no reservation in the deed of conveyance to plaintiffs of the rent to accrue in the future, the plaintiffs were entitled to the rent. The defense of defendant at most is purely technical and as the judgment is for the right party it should be affirmed.

Affirmed. All concur.