HENRY STRICKLER et al., Appellants, v. CONSOLIDATED SCHOOL DIS-
TRICT NO. 1 OF KNOX COUNTY.—291 S. W. 136.

Division One, January 29, 1927.

1. **SCHOOL DISTRICT: Indebtedness.** A school district, having incurred
for building purposes the maximum indebtedness it is permitted by Section
12 of Article 10 of the Constitution to incur, has no power to incur a further
indebtedness for such purposes, not even to complete a building already
begun and needed for school uses.

2. ———: ———: **Reimbursement of Directors.** A school district, having
incurred the maximum indebtedness for building purposes permitted by
the Constitution and used the money to construct a needed school house,
cannot, in any manner or form, not even if every taxpayer assents, incur
a further indebtedness to complete the building, but is expressly by law
prohibited from so doing; and where the law prohibits an express promise
it will not imply one. Consequently, where the maximum indebtedness was
voted, and the money was used to construct a school house of the size
needed and would have completed it at the then prevailing prices, but before
it was completed prices rapidly and decidedly increased, and thereupon the
directors, on their own personal account, borrowed enough money to add the
upper story and a heating plant, they cannot have judgment against the
district for the money thus advanced.

3. ———: **Equity: Voluntary Advancement of Money by Directors: Use
of Building.** A court of equity cannot aid a mere volunteer. School directors,
who voluntarily advanced money to add an upper story and a heating plant
to an uncompleted school house, cannot have a decree vesting in them the
title to said second story and heating plant, not even on the equitable
principle that one should not be permitted to be enriched at the expense of
another.

4. ———: **Zeal for Public Welfare: Constitutional Evasion.** Laudable mo-
tives of school directors who advance their own money to complete a school
house after the maximum indebtedness of the district has been reached,
and their interest in the public welfare and their zeal for the public good,
will not justify a decree which will amount to an evasion or nullification
of a plain constitutional inhibition.

---

Corpus Juris-Cyc. References: Actions, 1 C. J., Section 48, p. 953, n. 64.
**Contracts,** 13 C. J., Section 9, p. 243, n. 54.  **Evidence,** 22 C. J., Section 85,
p. 148, n. 67.  **Schools and School Districts,** 35 Cyc., p. 974, n. 18 New.

Appeal from Knox Circuit Court.—*Hon. Charles E. Murrell,* Spe-
cial Judge.

AFFIRMED.

*Nat M. Shelton, W. E. Cottey* and *James C. Dorian* for appellant.

(1)  The plaintiffs herein acted within their authority in their
acts in constructing the upper story of said building and installing

the heating plant from private funds in order to provide adequate school facilities for the children of the district. George v. School District, 6 Met. 497; Greensbanks v. Batchwell, 43 Vt. 206. (2) The board of education had a right, under the law, and it was their duty to provide adequate school buildings for the use of the district. Secs. 11134, 11191, 11241, R. S. 1919; Kemler v. Long, 212 S. W. 871. (3) The board of education used due diligence in consulting the State Superintendent of Schools before their funds were exhausted as to what it should do. Sec. 11336, R. S. 1919; State ex rel. v. Job, 205 Mo. 1. While the advice of the State Superintendent is not law, yet it will be given great weight with the court when such suggestions are practical. State ex rel. v. Job, 205 Mo. 29. (4) No title to the said second story and heating plant was ever in the school district. Sparks v. Jasper County, 213 Mo. 242. The school district has taken possession of the said upper story and heating plant and is using them for their own purposes, and the same are beneficial, and necessary accessories for the efficient conduct of the school in said district. The district even though a municipal corporation, will not be permitted, in equity, to hold same without compensation to plaintiffs. It must either compensate plaintiffs or restore to them the property that their money constructed, and in this case the evidence shows conclusively that it was the plaintiff's money which constructed the upper story and heating plant in said school building. That portion does not belong to defendants. The strong arm of a court of conscience will reach out to relieve the plaintiffs from the cold, harsh technical rules of law, and will not permit the unearned enrichment of the district at the expense of the plaintiffs, even though the defendant be a municipal corporation. The defendant should either be compelled to reimburse the plaintiffs for their outlay of $11,500, or the plaintiffs be given an equitable lien on the upper story and heating plant, with the right to use the same for the purpose of reimbursing themselves to the extent of the sum invested therein by them, at all times having regard for the rights of the district, and giving them the first opportunity to rent same for their purposes. March v. Fulton County, 10 Wall. 676, 9 L. Ed. 1040; Transportation v. Pullman Co., 139 U. S. 24, 35 L. Ed. 55; Salt Lake City v. Hollister, 118 U. S. 263; Hitchcock v. Galveston, 96 U. S. 341; Louisiana v. Wood, 102 U. S. 299; Parkersburg v. Brown, 106 U. S. 503; Chapman v. Douglas County, 107 U. S. 348; Security Co. v. Mintor, 254 S. W. 186; Sparks v. Jasper County, 213 Mo. 218; Barry v. Stigall, 253 Mo. 690; Shanklin v. Ward, 291 Mo. 1; Callaway Bank v. Ellis, 238 S. W. 844; Davenport v. Burke, 30 Ida. 99; County Court v. Cottle, 81 W. Va. 469; Atkinson v. Ward, 47 Ark. 549; 3 Pomeroy, Eq. Remedies (4 Ed.) sec. 1233; 5 Pomeroy, Eq. Remedies (2 Ed.) secs. 920, 2347.

*Stewart, Frank & Stewart, J. W. Campbell* and *M. D. Campbell* for respondent.

(1)   One of the objects of the Constitution of 1875 was to limit the power to incur indebtedness and thus inhibit the self-styled public-spirited progressive citizen from being over generous with the money of others. Lamar Water Co. v. Lamar, 128 Mo. 216; Harris v. Company, 244 Mo. 644. (2) Appellants bought the material either from themselves or from others without a contract in writing or requiring a bond such as is provided for by Sec. 1040, R. S. 1909. This failure was also a violation of their duty. Butner v. Ruth, 194 S. W. 226.   (3)   Under the circumstances, to grant appellant equitable relief would be to do violence to every maxim of equity. Brown v. Baldwin, 121 Mo. 106.   The rule is that no man is entitled to the aid of a court of equity when that aid becomes necessary on account of his own fault. Thompson v. Lindsay, 145 S. W. 472.   (4)   The school district could not ·by unanimous vote or by order of its directors entered of record, ratify the void act of its former directors: The statutory method is exclusive. Heidelberg v. County, 100 Mo. 69.   The doctrine of estoppel does not apply. Sturgeon v. Hampton, 88 Mo. 213.·   (5)   The rule announced in the foregoing cases has recently been affirmed in Hillside Security Company v. Minter, 254 S. W. 189.   That part of the case of Starks v. Jasper County relied upon by· appellants, is in effect overruled in the Minter case. Moreover, the excerpt quoted from the Starks case is *obiter*.

RAGLAND, J.—This case comes to the writer for an opinion on re-assignment. It is a suit in equity, the nature of which can best be disclosed through a statement of the facts and the relief sought.   On the trial in the circuit court there was a stipulation as to the facts. From that stipulation and the petition the pertinent facts appear to to be as follows:

Defendant is a consolidated school district, in Knox County, comprising within its limits the town of Knox City and adjoining territory.   At the time of its organization, in September, 1919, it had no school house.   Presently thereafter, however, it had on hands and available for the erection of a school house the sum of approximately $25,000.   The larger part of that fund consisted of the proceeds of two bond issues.   Those two bond issues, by virtue of the limitations imposed by Section 12, Article 10, of the Constitution, had completely exhausted the power of the district to incur indebtedness.   Plaintiffs, who were the directors of defendant district, began the erection of a school house according to the plans and specifications which had been furnished them by an architect.   They did not let a contract for the building, but bought and paid for labor

and material as needed and superintended the construction themselves. When the construction had progressed to a point where the building was about two-thirds completed, they found the building fund exhausted. At this juncture they sought the advice of the then State Superintendent of Schools. He, according to the stipulation of facts, "advised them to borrow the money for the completion of said building and that they could vote and levy the amount at a later date when the indebtedness of said district was sufficiently reduced." Thereupon they obtained on their personal credit $11,500 and with that they completed the building as originally planned. According to a computation subsequently made the second story and the heating plant cost $11,500.

The building as designed by the architect was reasonably necessary to adequately meet the needs of the defendant district. It could have been built for $25,000 had the prices for labor and material current at the time it was commenced continued to prevail until it was completed. There was no waste or extravagance; the $25,000 fund became inadequate solely because of the rapid and unprecedented rise in the cost of labor and material which occurred while the building was in the course of construction.

Since its completion the defendant has occupied and used the building for school purposes; and all of it, including the heating plant and the second story, is "necessary for the furnishing of school room and facilities for the children of school age in said consolidated school district."

Plaintiffs have never been reimbursed for any part of the expenditure of $11,500 which they made for and on behalf of defendant.

Plaintiffs' bill after setting forth the facts just narrated concludes with the following prayer:

"Wherefore plaintiffs pray a decree awarding judgment against the defendant for the sum of $11,500 with six per cent interest thereon from the 15th day of January, 1921, or that the court award by its judgment and decree that the title of the said second story of said school building and the heating plant therein is in the plaintiffs and that plaintiffs may use said property in any way so long as the use does not interfere with the use by said school district of the remainder of the building.

"That said defendant shall have the right to rent such second story and heating plant from the plaintiffs for school purposes at a reasonable rent to be set by the court and that judgment be entered against said district for a reasonable rental for the time that said district has so used said second story and heating plant before the date of this hearing and for the further order that at such time as the rental from said second story and heating plant, or income from any other source, shall pay to the plaintiffs the said amount so

expended by them with six per cent interest thereon from January 15, 1921, then the title for the same shall be divested from plaintiffs and vested in said district, and the plaintiffs further pray for such equities touching the rights of the parties thereto, both plaintiffs and defendant, as to the court shall seem just.''

The circuit court found the issues for the defendant and dismissed plaintiffs' bill. From that judgment plaintiffs bring the cause here on appeal.

From the foregoing statement it is manifest that at the time appellants procured and furnished the $11,500 to complete defendant's school house defendant was without power to incur a single dollar of additional indebtedness for that purpose. Indeed, it was expressly prohibited from doing so. [Sec. 12, Art. 10, Const.] It could not therefore, in any manner or form, have bound itself by express agreement to repay the $11,500, or any part of it, even if every taxpayer in the district has assented thereto. And where the law prohibits the making of an express promise it will not imply one. [Crutchfield v. Warrensburg, 30 Mo. App. 456.] All of this appellants knew, or are conclusively presumed to have known, notwithstanding anything the State Superintendent of Schools may have told them. It does not appear, however, that he advised them to the contrary. It seems that he merely gave it as his opinion that the district, after its indebtedness had been reduced to the extent of $11,500, could voluntarily, if it so elected, vote a sufficient levy to reimburse them.

Appellants insist that, if they cannot have a judgment for a money recovery, they ought at least to have a decree vesting in them the title to the heating plant and the second story of the building, both of which were paid for with their funds. This on the equitable principle that one should not be permitted to be enriched at the expense of another. But if the title to the parts of the building just mentioned were vested in appellants they could not make use of them unless they severed them from the building as a whole, thereby destroying it, or unless they were given in addition an easement in defendant's property incompatible with its free and unrestricted use for school purposes. Appellants have no such equities as would warrant the infliction of the injury or the imposition of the burden just mentioned on respondent's property. In taking their own funds and building the second story of the school house and installing a heating plant therein, if such they did, appellants were volunteers pure and simple, and it is well settled that a court of equity will not aid a mere volunteer. Their position is analogous to that of one who voluntarily goes upon land in which he has no interest, and with full knowledge that the title thereto is in another makes improvements of a fixed and permanent character, without the consent of the owner. In such case the improvements become a part of the realty and vest

316 Mo.—40.

in the owner of the fee, and, regardless of the fact that they may have greatly benefited the estate, the one who made them has no claim, either at law or in equity, to be reimbursed therefor. [Cable v. Ellis, 120 Ill. 136; Loeb v. Conley, 160 Ky. 91; Dehn v. Dehn, 170 Mich. 407; McMillan v. Barber Asphalt Paving Co., 151 Wis. 48.]

Appellants in using their own funds to complete the building of the school house were actuated by laudable motives. Evidently they had the interest and welfare of their community very much at heart. It is to be regretted therefore that they should become the victims of their own misguided zeal for the public good. But no method of relief can be devised that will not amount to an invasion or nullification of a plain constitutional mandate.

The judgment of the circuit court is affirmed. All concur, except *Gantt, J.,* not sitting.