BANK OF CORNING, APPELLANT, v. CONSOLIDATED SCHOOL DISTRICT
No. 6, RESPONDENT.*—37 S. W. (2d) 982.

Kansas City Court of Appeals. April 6, 1931.

*A. M. Tibbles* for appellant.

No brief for respondent.

ARNOLD, J.—This is an appeal from the action of the trial court in sustaining a demurrer to the petition.

Plaintiff is and was a corporation, organized and existing under the laws of Missouri, and engaged in banking business at Corning, Holt county, Missouri. · Defendant Consolidated School District No. 6 was located in Atchison county, Missouri, and the remaining defendants, twenty-nine in all, were resident taxpayers of said dis-

trict and patrons of said consolidated school district. The facts presented on this appeal are that in the year 1923, the school district above mentioned was engaged in erecting a new school building. After the building was partially completed, it was ascertained there were not sufficient funds on hand for its completion. The board of directors, with a large number of patrons and taxpayers decided to borrow sufficient funds to complete the building, not to exceed in amount the sum of $4,000, and with that end in view they executed a writing which is set out in the petition, in words and figures as follows:

"Know All Men By These Presents: That, Whereas the Board of Directors of Consolidated School District Number Six, Nishnabotna, Missouri, contemplates the erection and equipment of a modern school building to be located in said school district, suitable and adequate to the needs of the patrons of said school district;

"And whereas the amount of bonds voted by said district are inadequate to construct and equip said building,

"We hereby bind ourselves in conjunction with a majority of the Board of Directors and authorize said Board of Directors or their successors to borrow for the use and benefit of said school district, a sum of money not to exceed Four Thousand Dollars ($4,000); we hereby agreeing and binding ourselves to sign said note or notes with said Board of Directors for said sum of money, or any renewal of said indebtedness in whole or in part, agreeing that this agreement shall stand until such a time when the sum so borrowed can be paid off either by regular tax levy in usual and customary way, or by the issuance of additional bonds by said school district;

"It being further mutually agreed that this obligation shall not be binding until a majority of the Board of Directors comprising six men who are taxpayers and residents of the district and sixteen or more other men who are taxpayers and residents of said district have signed same, making twenty signatures or more by men who are taxpayers and residents of said school district on said obligation.

"Witness our hands and seals at Nishnabotna, Missouri, this sixteenth day of May, nineteen hundred twenty-three.

| | |
|---|---|
| P. E. HUFFMAN | F. C. BUNGENSTOCK |
| N. J. RAY | NICK JOHNSON |
| PETE JOHNSON | LEE FOLEY |
| C. E. JENNINGS | W. O. HUFFMAN |
| L. W. BUNGENSTOCK | R. A. HUFFMAN |
| JOHN FOLEY | BEN JOHNSON |
| DAVE MILLER | A. R. HOWARD |
| HENRY BEASING | ERNEST O. BADE |
| HYBA LANGEHENING | BENJAMIN WALKER |
| MRS. F. LANGEHENING | W. R. LOGSTON |

F. Langehening     J. W. Huey

L. Hall     Ed Makings

A. T. Neal     Tom Bedell

R. H. Wade     Lewis Bedell.''

L. J. Bettinger.

The said writing then was delivered to plaintiff by the board of directors of said school district who requested a loan of $4,000, and plaintiff delivered this sum to said directors, the amount being used by them to complete the school building. Thereafter plaintiff demanded of the individual signers of said writing that they execute a note in the sum of $4,000, as specified in said writing, but defendants refused to make such note. Plaintiff then demanded of the defendants payment of said sum which demand was refused and this suit followed.

A petition was filed in the circuit court of Holt county on June 24, 1926, to which the court sustained a demurrer on November 4, 1926. Thereafter and on January 18, 1927, plaintiff filed its amended petition in which the writing above quoted was again set out. Judgment was asked for $4,000, with interest and costs. On February 28, 1927, defendants filed a demurrer to said amended petition, for the following reasons:

''Come now the defendants in the above entitled cause, and for their demurrer to plaintiff's first amended petition filed herein, state:

''1. That said first amended petition does not state facts sufficient to constitute a cause of action.

''2. That said first amended petition disclosed upon its face that the alleged agreement set forth therein is for an illegal purpose.

''3. That said first amended petition discloses upon its face that it is not an amendment of plaintiff's original petition filed in said cause.

''4. That the purported contract or agreement sued on, did not warrant the plaintiff in making the purported loan mentioned in said first amended petition.

''5. That said first amended petition shows upon its face that there is a misjoinder of parties defendant.

''Wherefore defendants pray judgment whether they shall first further answer plaintiff's said first amended petition.''

The cause was continued from term to term until June 12, 1929, at which time the demurrer was sustained and judgment was rendered in favor of defendants. Plaintiff appeals.

We have before us only the record and brief of plaintiff, the defendants not having favored us with a brief. The only question for consideration on this appeal is whether or not the petition states facts sufficient to constitute a cause of action. The trial court failed to designate the particular ground, or grounds, upon which the demurrer was sustained. The demurrer must therefore be referred

to for a statement of any ground upon which it may be sustained, and if any ground stated therein is found to sustain the court's order, it is our duty under the law, to sustain it. This rule is so well established that citations in support thereof are unnecessary.

The first point urged on appeal is that plaintiff, relying upon the agreement and stipulation set out in the petition, having advanced the money to the board of education, was entitled to sue therefor. In the printed argument in plaintiff's brief, it is stated defendants in the court below took the position they are not liable in this action for the reason that plaintiff was not a party to. the stipulation, or agreement set out in the petition. Plaintiff answers this contention by saying it was not necessary that plaintiff should be mentioned in the agreement, the same being intended for the benefit of anyone who furnished the money. It was held by the Supreme Court in Beattie Mfg. Co. v. Gerardi, 166 Mo. 142, 153, 65 S. W. 1035:

"If there is any principle of law well settled in this State it is 'that a contract between parties upon a valid consideration may be enforced by a third party when entered into for his benefit. . . . This is so though such third party be not named in the contract, and though he was not privy to the consideration. ' [Citing St. Louis to use v. Von Phul, 133 Mo. 561; Devers v. Howard, 144 Mo. 671; School District of Kansas City v. Livers, 147 Mo. 580; City of Bethany v. Howard, 149 Mo. 504; Porter v. Woods, 138 Mo. 539; Crone v. Stinde, 156 Mo. 262.] [See also Van Meter v. Poole, 119 Mo. App. 296, 95 S. W. 960; Burton Mach. Co. v. Ruth, 196 Mo. App. 459, 194 S. W. 526.]

In the application of the rule announced in the cited cases, plaintiff treats the written instrument set out in the petition as a contract or agreement. This position may be correct, but it must first be determined whether or not the written instrument sued on is a contract. On its face the writing shows it to be a proposal only in which, there are some requirements to be met and if met (and the petition so alleges) and plaintiff accepted the proposal and advanced the money, the petition would be held to state a good cause of action. The first of these proposals is: "We bind ourselves in conjunction with a majority of the board of directors and authorize said board of directors or their successors to borrow for the use and benefit of said school district a sum of money not to exceed the sum of $4,000," etc. The writing further provides:

"It being further mutually agreed that this obligation shall not be binding until a majority of the board of directors comprising six men who are taxpayers and residents. of the district and sixteen or more other men who are taxpayers and residents of said district have signed the same making twenty signatures or more by men

who are taxpayers and residents of said school district on said obligation."

The petition alleges: "that the defendants, P. E. Huffman, N. J. Ray, Pete Johnson and C. E. Jennings were, on the dates herein mentioned, members of and constituted a majority of the board of directors of said Consolidated School District Number Six and were also residents and taxpayers of said district; and that the other defendants who signed the agreement hereinafter mentioned were on said dates resident taxpayers and patrons of said consolidated school district."

The writing on its face shows the first four signers of the same are P. E. Huffman, N. J. Ray, Pete Johnson and C. E. Jennings, and the petition alleges they constituted a majority of the board of directors. So that requirement is met. The requirement that in addition to a majority of the board of directors there shall be sixteen or more other taxpayers, residents of said district who shall sign, is met by the allegation in the petition "and that the other defendants who signed the agreement herein mentioned were, on said dates, resident taxpayers and patrons of said consolidated school district." The writing itself which is made a part of the petition shows twenty-four signers other than the four above mentioned members of the board of directors. The petition further charges: "that relying upon said agreement and in consideration thereof and of the execution and delivery of the same by said defendants the plaintiff was thereby induced to and did, on the 17th day of May, 1923, loan to the defendants and pay to said directors the said sum of four thousand dollars ($4,000) for the use and benefit of said school district, which sum was used by said board of directors in the erection and equipment of said school building."

Thus, it is alleged plaintiff accepted the proposal and delivered the $4,000 to the board of directors who expended the same in the building of the school house. In this respect, the amended petition states a cause of action and this will dispose of the first clause of the demurrer. The second clause thereof is to the effect that the petition discloses on its face the alleged agreement set forth therein is for an illegal purpose. The exact meaning of this charge is not clear in the absence of a brief by defendants dealing with the question. However we may assume the charge has reference to the provision of sections 9225 and 9226, Revised Statutes 1919, defining the manner in which funds may be raised for school purposes generally, by vote of the taxpayers or the issue of bonds. Section 12, article 10, of the Constitution provides no county, town, township, school district, or other political corporation or sub-division of the State shall be allowed to become indebted in any manner for any purpose to an amount exceeding in any year the income and revenue

provided for such year, without the consent of two-thirds of the voters thereof voting on the proposition.

We are of the opinion this statutory inhibition does not apply ·to the facts presented in the case at bar where the petition does not ·ask a judgment against the school district but against the individual signers of the voluntary proposal set out therein. The prayer does not ask judgment against the consolidated school district, although named as a party defendant in the caption. A situation somewhat similar to the one here presented is discussed in the case of Strickler v. Cons. School District No. 1, 316 Mo. 621, 291 S. W. 136. That was a suit in equity wherein·the facts showed the district at the time of its organization in September, 1919, had no school house. A short time thereafter the district had on hands, available for the erection of a school house approximately the sum of $25,000 largely proceeds of two bond issues which had completely exhausted the power of the district to incur indebtedness. Plaintiffs who were the directors of said district began the erection of a school house. They did not let a contract but bought and paid for labor and material as needed and superintended the construction themselves. When the building was about two-thirds completed the building fund was found to be exahausted. They sought the advice of the·state superintendent of schools who advised them to borrow the money for completion of the building and·that they could vote and·levy the amount at a later date when the indebtedness of the district was sufficiently reduced. The board thereupon decided to obtain the money on their personal credit, which they did to the amount of $11,500, with which they completed the building. The building was used by the district for school purposes, but plaintiffs were not reimbursed for the $11,500 which they had expended on behalf of the school district. Plaintiffs sought a decree awarding them a judgment for said amount with interest, and other equitable relief. Judgment was for the defendant and on appeal the court held the plaintiffs were victims of their own misguided zeal for the public good, saying: "But no method of relief can be devised that will not amount to an invasion or nullification·of a plain constitutional mandate."

And the judgment was affirmed. The ruling in that case would apply here had plaintiff herein sought judgment against the consolidated school district. The petition on its face shows defendants were volunteer guarantors of the amount advanced on the written proposal and does not, of itself, show that it was for an illegal purpose. The signatures of the majority of the board of directors to the writing fail to show that they purport to be signed as members of the board, but merely as individuals.

The third point raised in the demurrer is the petition upon which the cause was tried shows on its face it is not an amendment to the

original petition. This charge may not be held to be a sufficient ground upon, which the demurrer could be lawfully sustained. A comparison of the original with the first amended petition shows material differences between the two. In the latter we find the following allegations not contained in the former: "and for the purpose of inducing plaintiff to loan said sum, for the use and benefit of said district, said defendants, with the exception of said Consolidated School District Number Six, made and executed in writing the following agreement;" and "that relying upon said agreement and in consideration thereof and of the execution and delivery of the same by said defendants the plaintiff was thereby induced to and did, on the 17th day of May, 1923, loan to the defendants and pay to said directors the said sum of four thousand dollars ($4,000) for the use and benefit of said school district, which sum was used by said board of directors in the erection and equipment of said school building."

We rule against defendants on this point.

The fourth point raised in the demurrer is "the purported contract or agreement sued on, did not warrant the plaintiff in making the purported loan mentioned in the first amended petition." From what we have already said this point is held to be without merit.

The fifth ground mentioned in the demurrer is that the first amended petition shows upon its face there is a misjoinder of parties. In, the absence of a brief by respondents, this point is not developed. We hold the petition states a cause of action. It alleges a promise by defendant to execute a note for the $4,000, that plaintiff relied on said promise and was thereby induced to pay over the money. The promise to execute the note was a promise to pay. This statement of the law is supported by the opinion in Allen v. Chouteou, 102 Mo. 309, an opinion by BLACK, J. We think we need not follow this point further. The petition alleges defendants were all resident taxpayers and patrons of the school district and that they were interested in having the building constructed so they could use it. This was sufficient consideration for defendants' promise to execute the note. The general rule in this respect is stated in 13 C. J. 325, sec. 164, as follows:

"A benefit to a third person is a sufficient consideration for a promise. Goods furnished or services rendered to a third person at the promisor's request form a sufficient consideration for his promise. Where a promise is made for the benefit of several persons, it is not essential to a recovery thereon that each of said persons should have contributed to the consideration."

In Rubey Trust Co. v. Weidner, 174 Mo. App. 692, 161 S. W. 333, this court held, in effect, that where a bank, upon the presentation of the checks of an atheletic club refused to pay the same because the club had no funds, was told by the defendant that if

it would pay out the money called for by the checks and others that had been given out but not yet presented, the defendant himself would pay them, and the bank, in sole reliance upon such promise, paid out the money sued for on such checks, defendant will be liable to the bank as upon an original undertaking, even though the defendant's promise was oral.

As we view the case at bar, the following conclusion is inevitable: The school district was in need of funds to complete the construction of a school building and to equip the same. Thereupon the individual defendants, who had a direct and personal interest in the matter, signed a writing in which it is stated, in effect, that if anyone would loan a sum of money not to exceed $4,000, to the school board, they would execute a note or notes therefor. Relying upon said writing, plaintiff furnished the money. Up to this time the acts of the defendants were praiseworthy and all was well. They were then called upon to make good their promise to execute notes for the money furnished by plaintiff, and they refused. The agreement was lawful and the only default is that of defendants. Had they performed their agreement and executed the notes, would anyone contend such notes were not valid obligations? By failing to keep their promise and execute the notes, they should not be in any better position than they would be in if the contract had been performed on their part. To deny recovery would be to permit the defendants to take advantage of their own default.

For reasons above stated we hold the trial court erred in sustaining the demurrer to the petition. The judgment is accordingly reversed and the cause remanded. *Bland, J.,* concurs; *Trimble, P. J.,* absent.